JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Antonette Silvestri

**DEFENDANTS**

Children's Hospital of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, P
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William T. Salzer, Esq, Swartz Campbell LLC,
1650 Market St., 38th Fl., Phila., PA 19103, Phone:

Attorneys *(If Known)*

Paul J. Sopher, Esq, Littler Mendelson, Three Parkway
1601 Cherry St, Suite 1400, Phila, PA 19102,

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

Federal Question box marked with "X".

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 623 et seq. and 43 P.S. § 951 et seq.

Brief description of cause:
age discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
June 28, 2021

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2921 Morris Road, Ardmore, PA 19003 _____

Address of Defendant: _____ 3401 Civic Center Boulevard, Phildelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ 3401 Civic Center Boulevard, Philadelphia, PA 19104 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                                 *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*
                                 Must sign here

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William T. Salzer _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/29/2/   _____   42657
                 *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*
                 Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Antonette Silvestri | : | CIVIL ACTION |
| v. | : | |
| The Children's Hospital of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( xx )

| | | |
|---|---|---|
| _6/28/21_ | _William T. Salzer_ | William T. Salzer |
| **Date** | **Attorney-at-law** | **Attorney for**  Plaintiff |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
BY:   William T. Salzer
        Daniel H. Assaraf
Identification No. 42657/322158
One Liberty Place - 38th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 564-5190
wsalzer@swartzcampbell.com
dassaraf@swartzcampbell.com

*Attorneys for Plaintiff,*
*Antonette Silvestri*

| | |
|---|---|
| ANTONETTE SILVESTRI,<br><br>                        Plaintiff,<br><br>     vs.<br><br>THE CHILDREN'S HOSPITAL OF<br>PHILADELPHIA<br><br>                        Defendant. | NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Antonette Silvestri, by and through her undersigned counsel, Swartz Campbell LLC, brings this Complaint and avers as follows.

## I.   INTRODUCTION

1.   Plaintiff, Antonette Silvestri ("Silvestri"), initiates this civil action to redress violations by Defendant, The Children's Hospital of Philadelphia ("CHOP"), of the Age Discrimination in Employment Act, 29, U.S.C. § 623 *et seq.* (the "ADEA") and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (the "PHRA"). Plaintiff was unlawfully demoted from her managerial position, transferred to a

1

staff position and constructively discharged from her employment on the basis of her age as fully set forth below.

## II.    JURISDICTION AND VENUE

2.    This Court may properly maintain jurisdiction over Defendant because Defendant is incorporated or maintain their principal place of business within this jurisdiction and employed Plaintiff within this jurisdiction.

3.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff has asserted claims which arise under the laws of the United States.  Further, this court has supplemental jurisdiction over Plaintiff's state law claim because they arise out of the same circumstances and are based on a common nucleus of operative facts.

4.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391 (b)(1)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.    Plaintiff exhausted her administrative remedies because she timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Sixty days have passed since filing her EEOC charge and Plaintiff has not received a Dismissal and Notice of Rights or a Notice of Right to Sue from the EEOC, attached as Exhibit A. More than a year has passed since Plaintiff filed her PHRC charge on February 11, 2019.

2

### III.   PARTIES

6.    Antonette Silvestri is an individual currently residing at 2921 Morris Road, Ardmore, PA 19003.

7.    CHOP is a non-profit domestic corporation organized and existing under the laws of the Commonwealth of Pennsylvania that employed more than twenty persons at all times material hereto. CHOP's principal place of business is 3401 Civic Center Boulevard, Philadelphia, PA 19104.

8.    CHOP was an employer of Plaintiff within the meaning of the ADEA and PHRA.

9.    At all times relevant herein, CHOP acted by and through its agents, servants and employees, each of whom acted at all times relevant herein within the course and scope of their employment with CHOP.

### IV.   FACTUAL BACKGROUND

10.    Silvestri was born on September 12, 1959.

11.    Silvestri began her employment at CHOP on October 7, 1996.

12.    In 2008, Silvestri was promoted to the position of Advanced Practice Provider Manager of the CHOP Emergency Department.

13.    As Advanced Practice Provider Manager of the CHOP Emergency Department, Silvestri was principally in charge of recruiting, training, directing and coaching nurse practitioners and physician assistants in the CHOP Emergency Department. Silvestri was administratively accountable for the Emergency Department Advanced Practice Providers ("APPs"), represented APPs at multi-

3

disciplinary meetings of CHOP division managers and hospital committees, oversaw the growth of APP staff from eight to thirty-seven providers, managed the delivery of services to enhance patient outcomes and service, and demonstrated sound financial stewardship of the department.

14.    Silvestri received favorable ratings from APP staff and served as a mentor to new APP managers and team leaders.

15.    Silvestri served as an APP Manager on multiple hospital committees including the Emergency Department Executive Committee, the Patient Safety and Quality Improvement Committee, the Hospital Clinical Care Committee, the Advanced Practical Provider Credentialing Committee, the Emergency Department Operations Committee and the Disaster Committee.

16.    Silvestri was a founding co-chair of the Health Advocacy Committee and co-chair of the Financial Stewardship Initiative.

17.    Silvestri facilitated a multidisciplinary team to develop direct billing practices for nurse practitioners.

18.    Silvestri developed a direct billing model for nurse practitioners which was recognized as a best practice, and covered over 9,500 patients in Fiscal Year 2018.

19.    Silvestri represented CHOP on national committees in a leadership capacity for over a decade, and was a founding member of the Advanced Practice Nursing Annual Conference, which draws a national audience and generates income for continuing education.

20.     Silvestri presented, by invitation, at a 2016 international conference on pediatric emergency services, which Jackie Noll, CHOP's Senior Director of Nursing, called a "major accomplishment".

21.     Silvestri has been a contributing author in national publications on the subject of the role and development of the emergency department nurse practitioner.

22.     Silvestri received outstanding performance evaluations, including ratings of "exceeding expectations". Silvestri received accolades from subordinates and management across multiple departments in CHOP, and has been recognized as a leader in her field both locally and nationally.

23.     Silvestri's performance review for Fiscal Year 2016 describes her as exceeding performance expectations, and state that she "developed a direct billing model of care which continued to be a best practice at CHOP", commends her for "sharing [her] experience with others", states that she is a "valued clinician and operational leader" and notes that she "promotes professionalism and engagement with her staff".

24.     Silvestri's Fiscal Year 2017 performance review describes her as a "solid ED APP manager" and notes her "nimble...operational decision-making" and how she "worked very effectively to grow her team". It notes how she "worked to assure all ED initiatives" and "has a wealth of experience that many new managers will appreciate."

5

## CHOP's Adverse Employment Actions

25.     In September, 2017, Silvestri's immediate manager, Jackie Noll, and Susan Kolb, Director of Advanced Practice Nursing, stopped inviting Silvestri to meetings.

26.     When Silvestri spoke with Mary Legner, Senior Human Resources Business Partner at CHOP, regarding Ms. Noll and Ms. Kolb's decisions not to invite Silvestri to meetings, a Human Resources meeting took place between Silvestri, Noll, and Jamie Lowell, MD, Pediatric Emergency Medicine Fellow at CHOP.

27.     After the meeting with Human Resources, Noll began making comments to Silvestri about her lack of "emotional intelligence" affecting her ability to "lead the group to the next level", and described Silvestri as "defensive" and "exhausting".

28.     Silvestri's next performance review, for Fiscal Year 2018, was the last one before her demotion.

29.     The review, prepared by Noll, gave Silvestri a lower score than she had ever received before in her decade of management—2.52 overall, citing purported concerns about "emotional intelligence".

30.     Nonetheless, the 2018 performance review also includes peer reviews calling Silvestri a "tremendously effective communicator" and "a treasure".

31.     Silvestri's overall score of 2.52 out of 5, this did not warrant Silvestri's demotion. To the contrary, Silvestri's score left her bonus-eligible.

32.    On August 20, 2018, Noll, asked Silvestri to vacate her position within sixty days, and encouraged Silvestri to seek non-management employment within CHOP. Ms. Noll gave vague reasons to Silvestri's demotion related to emotional intelligence and leadership.

33.    Silvestri was not informed prior to her demotion that she was supposedly not meeting performance expectations in leadership competencies that would lead to removal from a leadership position. Silvestri's work did not decline and she met the objective expectations of her position.

34.    Silvestri had not been placed on a performance action plan at any time to remediate any supposed deficiencies in her leadership or communication.

35.    CHOP's purported concerns about "self-awareness" and "emotional intelligence" were vague pretexts for CHOP's decision to discriminate against Silvestri and replace her with a subordinate who was more than two decades younger than Silvestri who was less experienced and less accomplished.

36.    Adding insult to injury, CHOP announced a party "to celebrate Antonette's 22 years in the ED and bid her farewell" as if Silvestri had decided to retire or step down from a management role voluntarily.

37.    CHOP's demotion of Silvestri from a management position, followed by a non-working notification period during which Silvestri moved to a non-managerial clinical role that was less desirable and had lower pay, was a tangible employment action and official act of CHOP.

38.     CHOP, through its manager, Jackie Noll, threatened to terminate Silvestri if she commented on her demotion.

39.     Due to the unendurable conditions of being subjected to a humiliating demotion because of her age and replacement with a less experienced and less accomplished 37 year old subordinate, Silvestri resigned from CHOP on January 4, 2019.

40.     As a direct result of CHOP's discriminatory conduct against Silvestri based on her age (59), Silvestri has sought employment outside of CHOP and now works for The Joint Commission, where her compensation is more than a third less than her base compensation (exclusive of bonuses) when Silvestri worked as APP Manager for the CHOP Emergency Department.

### COUNT I

### Violation of the Age Discrimination in Employment Act v. CHOP

41.     Silvestri incorporates the allegations of the preceding paragraphs as if fully set forth herein.

42.     Silvestri was at least 40 years old at the time she suffered an adverse employment action. Specifically, she was 59 years old on November 2, 2018, when she was demoted by CHOP.

43.     At present and at all times during the events described above, Silvestri has been and is qualified for the position of APP Manager for the CHOP Emergency Department.

44.    Silvestri suffered an adverse employment action on November 2, 2018 when she was demoted to a non-managerial position.

45.    Silvestri suffered an adverse employment action when she was moved to a non-managerial position with less favorable work assignments and lower pay.

46.    Silvestri was replaced by an individual who was twenty-two years her junior, and who had been Silvestri's subordinate prior to Silvestri's demotion, and who had less experience and fewer professional achievements than Silvestri.

47.    CHOP would not have demoted Silvestri to a non-management position if not for Silvestri's age and CHOP's intent to replace Silvestri with a younger individual.

48.    CHOP's humiliating demotion of Silvestri because of her age and replacement of Silvestri with an individual 22 years younger than Silvestri, combined with CHOP's transfer of Silvestri to a lower-paying non-managerial position, was so egregious, unpleasant, unendurable, and difficult that a reasonable person in Silvestri's position would have felt compelled to resign.

49.    CHOP's humiliating demotion of Silvestri because of her age and replacement of Silvestri with an individual 22 years younger than Silvestri, combined with CHOP's transfer of Silvestri to a lower-paying non-managerial position, was so egregious, unpleasant, unendurable, and difficult that Silvestri was constructively discharged, resigning on January 4, 2019.

9

<u>COUNT II</u>
## <u>Violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq.</u> <u>(Age Discrimination)</u>

50.    Silvestri incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51.    The PHRA prohibits employers from discriminating on the basis of age in a manner that is "identical" to the ADEA, such that a "single analysis" applies to both the ADEA and PHRA. <u>Willis v. UPMC Children's Hosp. of Pittsburgh</u>, 808 F.3d 638, 643 (3d Cir. 2015).

52.    As set forth above, Silvestri was unlawfully discriminated against by CHOP based on her age in violation of 43 P.S. § 951 et seq.

53.    As set forth above, Silvestri was constructively discharged by CHOP based on her age in violation of 43 P.S. § 951 et seq.

**WHEREFORE**, Plaintiff, Antonette Silvestri, respectfully requests the Court to:

(1)    Enter judgment in favor of Plaintiff, Antonette Silvestri and against Defendant, The Children's Hospital of Philadelphia, for back pay in the amount of wages and fringe benefits which Plaintiff would have earned and been entitled to receive but for the unlawful actions of Defendant;

(2)    Award front pay and future loss of earnings and fringe benefits which Plaintiff would earn but for the unlawful actions of Defendant;

(3)    Enter judgment in favor of Plaintiff and against Defendants for compensatory damages and punitive damages as allowable by law,

10

including but not limited to damages for humiliation and emotional distress;

(4)   Any and all other equitable relief as the Court deems just, proper and appropriate; and

(5)   An award of reasonable attorney fees, costs and interest.

PLAINTIFF REQUESTS A TRIAL BY JURY TO THE EXTENT ALLOWED BY APPLICABLE LAW.

SWARTZ CAMPBELL LLC

William T. Salzer
Daniel H. Assaraf
Attorneys for Plaintiff,
Antonette Silvestri

11